IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

_____

| | | |
|---|---|---|
| RICK L. HAMMOND | ) | |
| | ) | |
| Plaintiff, | ) | CV-08-49-GF-SEH-RKS |
| | ) | |
| vs. | ) | |
| | ) | **FINDINGS AND** |
| MICHAEL J. ASTRUE, | ) | **RECOMMENDATIONS OF** |
| COMMISSIONER OF SOCIAL | ) | **MAGISTRATE JUDGE** |
| SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

_____

Plaintiff Rick L. Hammond ("Mr. Hammond") instituted this action to obtain judicial review of the decision of Defendant, Commissioner of Social Security ("Commissioner"), denying his applications for Disability Insurance Benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and

Supplemental Security Income (SSI) under Title XVI of the Social Security Act, 42 U.S.C. 1381-1383c.

Jurisdiction vests with this Court pursuant to 42 U.S.C. § 405(g). On September 18, 2008, this case was referred to the undersigned to issue Findings and Recommendations by order of the Hon. Sam E. Haddon. (C.D. 6.) Now pending are the parties' cross motions for summary judgment. (C.D. 14 & 17.)  The motions are considered fully briefed and submitted.

## I.   PROCEDURAL BACKGROUND

Mr. Hammond filed his initial claim for DIB and SSI on January 4, 1993, alleging an disability onset date of December 25, 1990.  Tr. at 70.  His claim was denied on all levels, the final decision issued on May 9, 1995.  Id. at 67-84, 94-95, 114.

Mr. Hammond filed second claims for DIB on July 5, 1995, and SSI on July 31, 1995, alleging a disability onset date of December 25, 1990.  Id. at 140-144, 146-149.  His claims were denied after a hearing on November 7, 1996.  Id. at 264-280.  Mr. Hammond appealed to the Appeals Council, and because Mr.

Hammond's documentation was lost, the Appeals Council vacated the hearing decision and remanded, nearly four years later, on April 14, 2000.  Id. at 284-286.

A new hearing was held August 16, 2000, and Mr. Hammond was again denied benefits.  Id. at 369-383.  Mr. Hammond appealed, and nearly four years later, in January of 2004, the Appeals Council remanded for a new hearing due to loss of the record.  Id. at 389-390.

A third hearing was held on October 19, 2004, and in a decision dated December 8, 2004, Mr. Hammond was again denied benefits.  Id. 720-732.  On appeal, the case was remanded and a supplemental hearing was held on June 9, 2006.  Id. at 756-758.  The Appeals Council ordered the Administrative Law Judge (ALJ) to address the medical opinions of the state agency, the Veteran's Administration, Robert Turgeon, and Lynn George, and to review updated medical opinions and evidence.  Id.

After the supplemental hearing, in an order dated September 17, 2007, the ALJ found Mr. Hammond was

disabled as of July 1, 1998. Id. at 37-53. The ALJ found that because Mr. Hammond was not challenging his prior April 4, 1995 denial of benefits, the relevant period was April 5, 1994 through July 1, 1998. Id. at 43. Further, the ALJ found Mr. Hammond was last insured on December 31, 1995. Id. Mr. Hammond was found not disabled during the time he was insured. Id. at 53.

The Appeals Council denied review on May 30, 2008, id. at 5, making the ALJ's September 17, 2007 findings the Commissioner's final decision for purposes of judicial review. 20 C.F.R. § 416.1481. It is from this decision that Mr. Hammond appeals.

## II.     STANDARD OF REVIEW

Review in this case is limited. The Court may set aside the Commissioner's decision only where the decision is not supported by substantial evidence or where the decision is based on legal error. Maounis v. Heckler, 738 F.2d 1032, 1034 (9th Cir. 1984) (citing Delgado v. Heckler, 722 F.2d 570, 572 (9th Cir. 1983)). Substantial evidence is "such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence has also been described as "more than a mere scintilla" but "less than a preponderance." Desrosiers v. Sec. of Health and Human Servs., 846 F.2d 573, 576 (9th Cir. 1988).

The District Court must consider the record as a whole, weighing both the evidence that supports and detracts from the Commissioner's conclusion. Green v. Heckler, 803 F.2d 528, 530 (9th Cir. 1986) (citing Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985)). While this Court may not substitute its findings for those of the Commissioner, Palmer v. Celebrezza, 334 F.2d 306, 308 (3rd Cir. 1964), it may reject the findings not supported by the record.

### III.    BURDEN OF PROOF

A claimant is disabled for purposes of the Social Security Act if the claimant demonstrates by a preponderance of the evidence that: (1) the claimant has a "medically determinable physical or mental

impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months," and (2) the impairment or impairments are of such severity that, considering the claimant's age, education and work experience, the claimant is not only unable to perform previous work, but also cannot "engage in any other kind of substantial gainful work which exists in the national economy." Schneider v. Commr. of Soc. Sec. Admin., 223 F.3d 968, 974 (9th Cir. 2000) (citing 42 U.S.C. §1382(a)(3)(A)-(B)).

In determining whether a claimant is disabled, the Commissioner follows a five-step sequential evaluation process.  Corrao v. Shalala, 20 F.3d 943, 946 (9th Cir. 1994) (citing 42 U.S.C. § 1382C(a)(3)).  If the Commissioner finds that a claimant is disabled or not disabled at any step in this process, the review process is terminated.  Id. at 946. At step one, the claimant must show he is not currently engaged in substantial gainful activity.  Id.  At step two, the claimant must demonstrate that he has a severe

impairment. Id. At step three, the ALJ must determine whether a claimant's impairment meets or equals the criteria of the Listing of Impairments. Step four provides that if the claimant does not have a listed impairment, the claimant must establish a prima facie case of disability by showing an inability to engage in past work because of the medical impairments. Id. If that case is made, at step five the burden shifts to the Commissioner to prove the claimant can engage in other types of substantial gainful work existing in the national economy given the claimant's age, education, work experience and residual functional capacity ("RFC"). Jones, 760 F.2d at 995.

**IV. DISCUSSION**

Mr. Hammond argues the ALJ erred when he 1) found Mr. Hammond was not entirely credible, 2) rejected the opinions of treating physician Dr. Ward, consulting physician Dr. Peterson, physical therapist DonTingey, and psychologist Dr. Turgeon, 3) ignored medical evidence of severe low back pain, hip pain, and

numbness in the left leg, and 4) relied on the Vocational Expert's (VE) testimony.  Pltf.'s br. at 8, 23.  The Commissioner argues that the ALJ's decision is supported by substantial evidence and must be upheld.  Def.'s br. at 2.

**A.   Mr. Hammond's credibility determination.**

To assess a claimant's credibility, the ALJ may consider ordinary credibility evaluation techniques, unexplained or inadequately explained failure to seek or follow treatment, and the claimant's daily activities.  Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996).  However, "[g]eneral findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaint."  Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998) (quoting Lester, 81 F.3d at 834).

An ALJ may take the lack of objective medical evidence into consideration when assessing credibility. Batson v. Commissioner of Social Security Administration, 359 F.3d 1190, 1196 (9th Cir. 2004).

Inconsistencies in testimony may also be factored in such an assessment. Orn v. Astrue, 495 F.3d 625, 636 (9th Cir. 2007) (citing Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989)).

The ALJ must also consider the factors set forth in SSR 88-13 including:

    A.    The nature, location, onset, duration, frequency, radiation, and intensity of any pain;

    B.    Precipitating and aggravating factors (e.g., movement, activity, environmental conditions);

    C.    Type, dosage, effectiveness, and adverse side-effects of any pain medication;

    D.    Treatment, other than medication, for relief of pain;

    E.    Functional restrictions; and

    F.    The Claimant's daily activities.

SSR 88-13; 20 C.F.R. § 416.929(c).

If, after engaging in this analysis, the ALJ rejects a claimant's subjective testimony of the severity of symptoms, he must cite specific, clear and convincing reasons for doing so. Smolen, at 1283-84 (citing Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir.

1993).

In Mr. Hammond's case, the ALJ followed the proper procedure and pointed to specific reasons for his credibility determination. Visits to Dr. Jackson revealed intact lower extremity reflexes and sensation, with some tenderness. Tr. at 195-197. Records from the Veteran's Administration (VA) show minimal degenerative changes, or no objective findings. Id. at 198-206. Further, treatment notes from Dr. Robertson indicate Dr. Robertson felt Mr. Hammond was simply trying to get money while not working. Id. at 208-209. She also indicated he was able to ride a horse, once with pain and once without. Id. at 207. Dr. Robertson indicated that Mr. Hammond was not incapacitated, but had a social problem rather than a medical problem. Id. at 207-209.

Additionally, the ALJ found Mr. Hammond's activities of daily living did not comport with a finding of disability. For example, Mr. Hammond rode a horse approximately twice per month, walked to his rural mailbox, and did yard work. Id. at 150-154,

823, 828, 830.

The ALJ provided specific, clear and convincing reasons for finding Mr. Hammond not entirely credible. There was no error in this determination.

**B.  The Doctors' Opinions**

Mr. Hammond argues the ALJ erred when he rejected the opinions of treating physician[1] Dr. Ward, consulting physician Dr. Peterson, physical therapist DonTingey, and psychologist Dr. Turgeon.

**1.  Dr. Ward**

Mr. Hammond argues that the ALJ failed to obtain previous medical records from Dr. Ward.  Pltf.'s br. at 17.  However, Mr. Hammond bears the burden of proving disability.  <u>Schneider</u>, 223 F.3d 968, 974; <u>Smolen</u>, 80 F.3d 1273, 1289.

When a physician opines about an issue reserved to the Commissioner (such as disability), the ALJ should make "every reasonable effort" to contact the

---

[1] Mr. Hammond claims Dr. Ward was a treating physician, while the Commissioner argues he was not.  In any event, the arguments made regarding his reports do not require the Court to determine whether Dr. Ward was or was not a treating physician.

physician, but only if the basis for the opinion is not clear. SSR 96-5p, pg. 6.

Here, there is no indication that the ALJ could not ascertain the basis for the physician's reports, nor is there any indication the reports were inadequate to determine disability. Thus, there was no duty to contact Dr. Ward. Id.; Thomas v. Barnhart, 278 F.3d 947, 959 (9th Cir. 2002).

To the extent Mr. Hammond claims the ALJ determined Dr. Ward made diagnoses regarding his knees and ankles, Mr. Hammond misreads the record. The ALJ's decision does not indicate Dr. Ward made a knee or ankle diagnosis in April of 1996. Tr. at 51. There was no error in the ALJ's decision regarding Dr. Ward.

### 2. Dr. Peterson

Mr. Hammond's argument here is somewhat confusing. He appears to allege the ALJ rejected Dr. Peterson's functional capacity report from July 2004 when the ALJ determined Mr. Hammond's RFC during the relevant period here, April 5, 1994 - December 31, 1995. Pltf.'s br. at 15-16. The basis for this argument

seems to be that Mr. Hammond's medical records had not changed and the assessment was consistent with prior assessments. Id. at 16. This is incorrect. Mr. Hammond had two surgeries after the relevant period, so his medical records did change. Tr. at 579. Further, the report was completed nearly ten years after the relevant period.

Mr. Hammond makes no substantial argument about why Dr. Peterson's opinion should be considered, but rather states simply that it was not. Dr. Peterson was not a treating physician, and the report was done six years after the ALJ determined Mr. Hammond was disabled. Its value to the relevant period is tangential at best. The ALJ did not err by not addressing this report.

### 3. Physical Therapist DonTingey

Mr. Hammond appears to argue the ALJ should have given more weight to physical therapist DonTingey's opinion because the ALJ accepted the findings of the physical therapists at the Columbus Therapy Center

(CTC). Pltf.'s br. at 18-19. However, Mr. Hammond also indicates the ALJ ignored the findings of the CTC. Id. at 18. These arguments are contradictory and unavailing.

The ALJ found physical therapist DonTingey's opinion deserved less weight because he was not an acceptable medical source under SSR 06-03p, and because his opinion was already dealt with by the Appeals Council and the District Court in 1994/1995. Tr. at 49. DonTingey, as a physical therapist, is not an acceptable medical source. 20 C.F.R. § 404.1513(a). Further, both the Appeals Council and the District Court found DonTingey's opinion did not provide a basis to change the decision issued in April 1994. That decision was final, and has not been reopened on this appeal. The ALJ did not err by assigning less weight to DonTingey's opinion.

In regard to the opinions of therapists at the CTC, Mr. Hammond alternates between saying the ALJ rejected the CTC findings and that the ALJ accepted them. Pltf.'s br. at 18-19. These alternate

arguments cloud the issue. The CTC evaluation found Mr. Hammond could perform light work. Tr. at 211-212. The ALJ found Mr. Hammond capable of light work. Id. at 46. The ALJ's finding are in line with those of the CTC and two physicians. He did not err in regard to the CTC findings.

### 4. Dr. Turgeon

Mr. Hammond argues here that the ALJ did not give a "rational basis" for rejecting the opinion of Dr. Turgeon. This is incorrect. The ALJ found Dr. Turgeon's opinion was entitled to little weight because it was internally inconsistent and was reviewed and rejected by the Appeals Council in 1994. Tr. at 49. The ALJ also found Dr. Turgeon was not an acceptable medical source under SSR 06-03-p. Id. Further, the ALJ found Dr. Turgeon based his report on DonTingey's, while ignoring the findings of Mr. Hammond's treating physcians. Id. All of these findings provide acceptable reasons to assign less weight to Dr. Turgeon's opinion. The ALJ did not err,

but rather complied with SSR 06-03p.

### C. Credit-as-true Doctrine

Mr. Hammond argues that due to the delay in this case and his age, the Court should credit-as-true his pain testimony and award benefits.  Pltf.'s br. at 19-20.  The credit-as-true doctrine is inapplicable in this case and Mr. Hammond's reliance on Hammock v. Bowen, 879 F.2d 498 (9th Cir. 1989), is misplaced.  In Hammock, the ALJ did not give reasons for discrediting the claimant's testimony.  In Mr. Hammond's case, the ALJ did provide these reasons.  Hammock is not controlling, and the ALJ did not err.

### D. Due Process

Mr. Hammond argues next that the delay in this case violated his right to due process, citing Evans v. Chater, 110 F.3d 1480 (9th Cir. 1997).  Pltf.'s br. at 20.  Mr. Hammond's case is unlike Evans, which dealt with a claimant alleging mental deficiencies and lack of counsel at prior hearings.  Mr. Hammond has neither situation.  Further, due process requires a meaningful right to be heard.  Id. at 1482.  Mr.

Hammond had such an opportunity, as the lengthy record in this matter shows.  Mr. Hammond's due process rights were not violated by the delay, and he has cited no authority supporting this contention.

### E.  Medical evidence of severe low back pain, hip pain, and numbness in the left leg

Here, Mr. Hammond seems to re-argue the ALJ's credibility determination and asserts his pain testimony must be taken as true. The Court previously found the ALJ's credibility determination was error free, and will not readdress this issue.

### F.  The Vocational Expert

Mr. Hammond's final argument is that the hypotheticals used by the ALJ did not contain all of his impairments.  Pltf's br. at 23.  The Commissioner concedes the ALJ erred when he found Mr. Hammond could perform work as a dispatcher, supply clerk, or maintenance scheduler.  Def.'s br. at 18.  The Commissioner further concedes the VE did not specifically cite the job of light welding machine operator or various other assembler jobs, and the

welding assembly job is classified as "medium". Id.

The Commissioner argues these errors were harmless, based upon the Medical Vocational Guidelines. Id. at 19. However, it would be error to uphold the ALJ's findings based upon evidence the ALJ did not discuss. Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003). Further, it appears the ALJ used conflicting testimony from two VE's to reach his conclusions regarding Mr. Hammond's ability to perform alternate work.

Because of the Defendant's admission of ALJ error and conflicting VE testimony, the case should be remanded on this limited issue. Upon remand, the ALJ should clarify the discrepancies between the two VE's testimony and determine what alternate work, if any, Mr. Hammond could perform prior to July 1, 1998.

## V.  CONCLUSION

The ALJ's conclusions regarding Mr. Hammond's credibility and doctor's opinions are free of error. The credit-as-true doctrine is inapplicable in this

case.  Mr. Hammond's right to due process was not violated.  The ALJ did not ignore evidence of hip and back pain, and numbness in Mr. Hammond's leg. However, the case should be remanded for new findings based upon the Defendant's admission of error and conflicting VE testimony.

Therefore, **IT IS RECOMMENDED** that:

1. Plaintiff's Motion for Summary Judgment (C.D. 14) should be **GRANTED** in part and **DENIED** in part;

2. the Commissioner's Motion for Summary Judgment (C.D. 17)should be **GRANTED** in part and **DENIED** in part;

3. the case should be **REMANDED** in accordance with the above findings.

## VI. NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these Findings and Recommendations within ten (10) business days of the date entered as indicated on the Notice of Electronic Filing.  A district judge will make a de novo determination of those portions of the Findings and

Recommendations to which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file written objections may bar a de novo determination by the district judge.

DATED this 12th day of May, 2009.

>     /s/ Keith Strong
>     Keith Strong
>     United States Magistrate Judge